UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

JOSEPH LEAHY
and THOMAS ROSS
on behalf of a class,

    Plaintiffs,

 -v-

MEYER NJUS TANICK, PA,

    Defendant.

## **COMPLAINT – CLASS ACTION & JURY DEMAND**

There are no related cases, except the state court lawsuits referenced herein.

## **Introduction**

1. Joseph Leahy and Thomas Ross seek redress for acts prohibited by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*  ("FDCPA"), committed by Meyer Njus Tanick, PA ("MNT").

2. The FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.  It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent

1

cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.  The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.  Plaintiffs seek to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## Jurisdiction and Venue

7.  This court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331 and 1337.

8.  The events described in this complaint occurred in this District.

## Parties

9.  Plaintiff Joseph Leahy resided in South Lyon, Michigan at all relevant times.

10. Plaintiff Thomas Ross resided in Detroit, Michigan at all relevant times.

11. Defendant Meyer Njus Tanick, PA ("MNT"), formerly Meyer & Njus, is a 13-attorney law firm organized as a Minnesota corporation with principal offices at 200 S. 6th Street, Minneapolis, MN 55402 and other offices at (a) 33 North Dearborn Street, Suite 1301, Chicago, Illinois 60602, (b) 5232 West Oklahoma Avenue, Suite 200, Milwaukee, Wisconsin 53219, and (c) 21415 Civic Center Drive, Suite 301, Southfield, Michigan 48076

12. One of the principal practice areas of MNT is "collections."

13. MNT has a web site where it states: "Meyer Njus Tanick combines the best elements of a collection agency – heavy phone activity, skip tracing and asset locating – with the power of a law firm. With more than 80 years of combined experience in collections, we understand the issues that are important to you – efficient and cost-effective recovery on past-due

2

accounts. That means we use the tried and true methods of telephone and letter collections. The advantage of using a law firm for this method of recovery is that it makes it less likely will need to use the legal tools to enforce and collect judgments. Our experience demonstrates that debtors respond more quickly to collection efforts conducted by law firms. [¶] Under the leadership of firm co-founder and CEO, James Njus, the firm has grown to more than 45 staff members. Our presence is found throughout Minnesota, Michigan, Illinois, Iowa, Wisconsin, and Indiana and we have access to a nationwide network of attorneys who provide our clients with thorough, complete and comprehensive representation. . . . [¶] As a law firm, Meyer Njus Tanick has the unique ability to produce pre-litigation recoveries, similar to a collection agency, and we can supplement those efforts with time and effective judicial enforcement. Our experience means we know when to access the court system and when not to access the court system. We understand that every day matters when measuring how well your accounts receivable are managed. Getting rid of an extra layer speeds up the process. Over time, you can count on better metrics. . . . [¶] Our state-of-the-art collections system combined with our experience allows us greater management and control over the collection process, payment collection and remittance, client management, and reporting to you. [¶] Meyer Njus Tanick has more than 80 years of combined experience in legal collections. We maintain an experienced collections staff that is well trained and consistently monitored. [¶] With offices in Minnesota, Michigan, Illinois and Wisconsin, we offer a nationwide footprint by serving as the central source for referrals to other attorneys across the country. Our clients use our firm for nationwide collections and litigation." (https://meyernjus.com/collections/consumer-commercial-creditors/)

14. Most of the debts collected, including plaintiffs' alleged debts, are for personal, family or household purposes and not for business purposes.

15. MNT uses the mails and telephone system in conducting such activities.

16. MNT is a debt collector as defined in the FDCPA.

### Facts

17. On or about June 23, 2017, MNT, as counsel, filed a lawsuit on behalf of Synchrony Bank against Joseph Leahy in Michigan state court. A copy of the summons and complaint (a combined document) is attached as Appendix A.

18. On or about December 12, 2017, MNT, as counsel, filed a lawsuit on behalf of Synchrony Bank against Thomas Ross in Michigan state court. A copy of the summons and complaint (a combined document) is attached as Appendix B.

19. Each suit seeks collection of an alleged debt that was incurred (if at all) for personal, family or household purposes and not for business purposes.

20. The summons and complaint in Appendix A listed as defendants (a) Joseph Leahy, with his address, and (b) his address, again. Immediately after the address are the words "jointly and severally", which according to the dictionary means that "two or more persons are fully responsible equally for the liability", indicating that both the named individual and the address are sought to be held liable.

21. The text of the complaint refers to "Defendant(s)," which is consistent with there being more than one defendant.

22. Appendix A implies that in addition to Mr. Leahy, personally, the property identified in the summons and complaint is a defendant and that the summons and complaint seek a judgment against the property.

23. The summons and complaint in Appendix B are similar.

4

24.   Such statements are false.

25.   Such statements are not required by state law or rules.

26.   Such statements are materially misleading and intimidating to an unsophisticated consumer.

27.   The unsophisticated consumer is not familiar with the law relating to the enforcement of claims against property, and may not understand that before property can be affected by a claim based on a credit card or similar debt, a judgment must be entered against the individual consumer and subsequent proceedings taken to enforce the judgment against property.

28.   Some federal and state lawsuits, such as federal forfeiture actions and Michigan state tax foreclosure actions, are legitimately brought against property.

29.   Knowing when it is proper to name property requires a degree of legal knowledge not possessed by the unsophisticated consumer.

30.   15 U.S.C. §§1692e, 1692e(2), and 1692e(10) prohibit false or misleading representations in the course of debt collection, including a "false representation of... the character, amount, or legal status of any debt," or "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

## COUNT ONE – FDCPA – CLASS CLAIM

31.   Plaintiff incorporates paragraphs 1-30.

32.   Because defendant made false representations in the course of debt collection lawsuits they brought against plaintiffs (as alleged in this complaint), defendant violated the FDCPA.

33.   Plaintiffs were confused and concerned about the naming of property.

## Class Allegations

34.   Plaintiffs bring this action on behalf of a class  under Fed.R.Civ.P. 23(a) and

(b)(3).

35.   The class includes (a) all individuals (b) against whom MNT filed a collection lawsuit in Michigan, (c) where the address of the defendant was listed twice, as in Appendices A and B, with "jointly and severally" after the second listing, (d) where the suit was brought at any time between a date one year prior to the filing of this action and a date 21 days after the filing of this action.

36.   Based on the number of court filings by MNT in Michigan, the members of the class are so numerous that joinder of all is not practicable.  On information and belief, there are at least 40 individuals in the defined class.

37.   There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members.  The predominant common question is whether the listing of the defendant's address in the manner complained of herein violates the FDCPA.

38.   Plaintiffs' claim is typical of the claims of the class members, as it is based on the same facts and legal theories.

39.   Plaintiffs will fairly and adequately represent the class members, and has retained counsel experienced in class actions and FDCPA litigation.

40.   A class action is superior for the fair and efficient adjudication of this matter, because (A) individual actions are not economically feasible, (B) members of the class are likely to be unaware of their rights, and (C) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## Demand For Judgment

ACCORDINGLY, plaintiff respectfully requests that the Court:

a.      Assume jurisdiction over all claims,

b.      Award statutory damages,

c.      Award statutory costs and attorney fees, and

e.      Provide all other proper relief.

## Demand for Jury Trial

Plaintiff respectfully demands trial by jury.


Respectfully submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:     s/ Adam G. Taub
        Adam G. Taub (P48703)
        17200 West 10 Mile Rd. Suite 200
        Southfield, MI 48075
        (248) 746-3790
        adamgtaub@clgplc.net

        s/ Daniel A. Edelman
        Daniel A. Edelman
        Cathleen M. Combs
        EDELMAN, COMBS, LATTURNER
            & GOODWIN, LLC
        20 S. Clark Street, Suite 1500
        Chicago, Illinois  60603
        (312) 739-4200
        Email: courtecl@edcombs.com


Dated: March 23, 2018

7